**Jonathan Gitlin**
**Texas State Bar No. 24064305**
**3905 Hedgcoxe Rd. #251371**
**Plano, TX 75025**
**(469) 209-5030 Phone**
**(888) 501-6618 Fax**
**jonathan@jgtxlaw.com**
**ATTORNEY FOR SUSAN ABRAMS**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** § | | **Case No. 18-44075-rfn13** |
| **SEAN LYNN HUDGINS,** § | | |
| Debtor. § | | **Chapter 13** |

**MOTION TO LIFT CODEBTOR STAY**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.  ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT BEFORE CLOSE OF BUSINESS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF.  A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

**TO THE HONORABLE RUSSELL F. NELMS,**
**UNITED STATES BANKRUPTCY JUDGE:**

      **COMES NOW** Susan Abrams ("Movant"), creditor in the above-captioned case, and files this her *Motion to Lift Codebtor Stay* ("Motion"), and would respectfully show unto the Court as follows:

**PROCEDURAL BACKGROUND**

    1.    Concurrent with this Motion, Movant is also filing a Motion to Lift Stay in the above-captioned case.  Movant hereby incorporates and adopts by reference the procedural background in that motion, as all of the relevant facts are identical.

    2.    Movant now files this Motion, seeking to terminate the codebtor stay, so that Lenders can pursue their state law remedies, including foreclosure, eviction, and/or deficiency judgments

**MOTION TO LIFT CODEBTOR STAY**        **1**

against Debtors.

## LAW AND ARGUMENT

3. Pursuant to 11 U.S.C. § 1301(a), after a debtor files a Chapter 13 bankruptcy, except for for circumstances not applicable here, "a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt."

4. However, 11 U.S.C. § 1301(c) provides that "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor; (2) the plan filed by the debtor proposes not to pay such claim; or (3) such creditor's interest would be irreparably harmed by continuation of such stay."

5. Here, multiple bases for lifting the codebtor stay are present.

6. First, the codebtor in this case – Larson – received the consideration for the claim held by Lenders against the Debtor in this case, Hudgins. Larson signed the promissory note as a maker, not a guarantor, and received and used the money to purchase the Property. Further, Larson continues to live in the Property, and continues to not make any mortgage payments.

7. Further, Debtor has not filed a plan proposing to pay Lenders' claims, and Larson's current proposed plan in his currently-pending bankruptcy has completely dropped Lenders out and does not propose to pay them at all.

8. Further, Lenders' interests would be irreparably harmed by continuation of the stay, because without lifting the codebtor stay they would not be able to foreclose on the Property or evict the non-paying borrowers (both Larson and Hudgins). Lenders owner-financed the sale of the Property to Larson and Hudgins, and Lenders still bear an underlying ongoing debt obligation with respect to the

Property themselves. Lenders rely on payments received to meet their ongoing debt service obligations with respect to real estate that they owner-finance, and are not large institutional lenders that can simply absorb the loss of payments from non-paying borrowers. Without Larson and/or Hudgins making proper payments on the debt owed, Lenders stand to lose their interest (and potentially their equity) in the Property if they cannot make payments on the underlying debt. Further, this Court has already found that Larson's currently-pending bankruptcy case was filed in bad faith with respect to Lenders, and allowing that bad faith to continue to prevent Lenders from foreclosing on the Property through the mechanism of the codebtor stay (which benefits Larson in this bankruptcy case) would work an irreparable harm on Lenders for the same reasons as above – Lenders would be prevented from foreclosing on the Property in order to pay off their own debt obligations, and they would stand to lose their interest (and potentially their equity) in the Property.

9. Accordingly, for all the reasons listed above, the Court should lift the codebtor stay so that Lenders (and/or their agents, successors, and/or assigns) can pursue their state law remedies, including foreclosure, eviction, and/or deficiency judgments against Debtors.

10. Further, the Court should grant the stay relief both on an in personam and in rem basis, as this is the third bankruptcy between the Debtors, and is part of an ongoing scheme to delay, hinder, or defraud Lenders.

11. Further, Movant requests that this Court waive the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3) to allow the immediate exercise of rights once the Court lifts the stay.

**WHEREFORE, PREMISES CONSIDERED** Movant requests that the Court enter an order (1) terminating the codebtor stay so that Lenders (and/or their agents, successors, and/or assigns) may exercise all their rights under Texas Law, including but not limited to foreclosure, eviction, and/or pursuing a deficiency judgment and (2) waiving the 14-day stay under Federal Rule of Bankruptcy Procedure 4001 to allow the immediate exercise of rights, and for such other and further relief, both at

law and in equity, to which Movant may show herself to be justly entitled.

**DATED: OCTOBER 19, 2018.**

                                            Respectfully submitted,

                                            /s/ Jonathan Gitlin
                                            Jonathan Gitlin
                                            Texas State Bar No. 24064305
                                            3905 Hedgcoxe Rd. #251371
                                            Plano, TX 75025
                                            (469) 209-5030 Phone
                                            (888) 501-6618 Fax
                                            jonathan@jgtxlaw.com
                                            **ATTORNEY FOR SUSAN ABRAMS**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on October 16, 2018, that he emailed Debtor's attorney regarding the substance of this motion, and Debtor's attorney responded that Debtor was opposed to the relief requested herein. No reason for the opposition was given.

                                              /s/ Jonathan Gitlin
                                            Jonathan Gitlin

## CERTIFICATE OF SERVICE

       I hereby certify that on October 19, 2018, a true and correct copy of the foregoing was served on all parties receiving notice via the Court's ECF system, as well as the following parties either via the Court's ECF service system or via USPS first class mail.

Ronald Wayne Ridings Larson
1021 Zelda Dr
Hurst, TX 76053

Sean Hudgins
1021 Zelda Dr
Hurst, TX 76053

Christopher Marvin Lee
Lee Law Firm, PLLC
8701 Bedford Euless Road
Suite 510
Hurst, TX 76053
817-265-0123
Fax : 817-580-1123
Email: ecf@leebankruptcy.com

Pam Bassel
7001 Blvd 26
Suite 150
North Richland Hills, TX 76180
(817) 916-4710

U.S. Trustee
United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242
214-767-8967

                                                                                                                                    /s/ Jonathan Gitlin
                                                                                                                                    Jonathan Gitlin